**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**Diana Mey**
     **Plaintiff,**

**Vs.**

ELECTRONICALLY FILED
Apr 30 2018
U.S. DISTRICT COURT
Northern District of WV

**Case No.**  5:18-CV-59 (Bailey)

**Tours Consulting LLC,
a.k.a., Your Tour Travel Consultant
a.k.a. yourtourconsultant.com,
a.k.a. AZ Able Marketing, Inc.,
Lisa Ferrari, and
Dandrea Harris,**
     **Defendants.**

## COMPLAINT

Now comes the Plaintiff, Diana Mey, by and through her attorney, Benjamin Sheridan, of

the law firm of Klein and Sheridan, LC, and hereby states as follows:

### JURISDICTION AND PARTIES

1. The Plaintiff, Diana Mey, is a resident of Ohio County, West Virginia.

2. Jurisdiction of this Court arises pursuant to 47 U.S.C. § 227 et Seq.

3. This action arises out of Defendants' violation of the Telephone Consumer Protection Act ("TCPA"), violations of orders, rules and regulations promulgated the Federal Communications Commission (FCC) relating to the TCPA, the National Do Not Call registry, and by its invasion of Plaintiff's privacy by calling via an automated dialer system.

4. The Plaintiff is a person who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

5. The Defendant, Tours Consulting LLC, a.k.a., Your Tour Travel Consultant a.k.a. yourtourconsultant.com, a.k.a. AZ Able Marketing, Inc., ("Tours Consulting"), is a

corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

6. Defendant is a telemarketer as defined by West Virginia Code §46A-6F-112.

7. Tours Consulting, LLC was administratively dissolved in September of 2017 for failure to file an annual report.

8. Lisa Ferrari in her individual capacity and as manager and owner of the now defunct Tours Consulting, LLC.

9. Dandrea Harris in her individual capacity and as manager and owner of the now defunct Tours Consulting, LLC.

10. Venue is proper in this Court because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## FACTUAL ALLEGATIONS

11. Plaintiff has a telephone number that is assigned to a cellular telephone service.

12. Ms. Mey's telephone number is on the national "Do Not Call" registry.

13. On or about May 3, 2016 at approximately 10:34 AM, Ms. Mey received a call from a phone number associated with the Defendants: 304-229-5049.

14. Upon information and belief, the phone call was generated using an automated random telephone dialing system or ATDS.

15. The caller asked for Diana. Ms. Mey asked who was calling, and the speaker identified himself as "Howard" from the "Your Tour Consultant Travel Care Department."

16. Upon information and belief, Howard said he was following up on a travel package Ms. Mey had started but not finished.

17. Ms. Mey has never had any contact with Tours Consulting or given the Defendant

2

authorization to call her.

18. Upon information and belief, Howard with Tours Consulting was selling vacation packages.

19. Plaintiff requested a number to call back, and Howard said he was calling from a computer-generated call and would simply place her number back into the computer to be called later.

20. Ms. Mey called the 304-229-5049 number that had shown on her caller ID when Defendant called, but the number was out of service.

21. Plaintiff mailed a letter to Tours Consulting requesting proof that she had consented to being contacted by them. No evidence was ever presented.

22. Plaintiff received a voicemail message from a "Kat" at "Customer Support" requesting a call back.

23. Plaintiff called the number left in the voicemail message. Kat placed her on hold for several minutes and then told Ms. Mey her supervisor had told her that Ms. Mey had been accidentally contacted because her telephone number was one digit off from the intended customer.

24. Kat also said the issue was resolved and Plaintiff would not be contacted again.

25. Plaintiff explained that Howard had asked for her by name.

26. Plaintiff asked for the name of Kat's supervisor and was told it was Lisa Ferrari.

27. Plaintiff sent a demand for damages to Defendant via email.

28. On September 12, 2016, Lisa Ferrari emailed Plaintiff to say her number had been placed on Tours Consulting's do not call list and threatened Ms. Mey with legal action if she pursued the matter further.

3

29. Upon information and belief, Tours Consulting knew, or reasonably should have known, that its agents were placing automated calls and calling individuals on the DNC registry on its behalf.

30. At no time did Plaintiff provide prior express permission for anyone to call her wireless number using equipment that has the capacity to store or produce random or sequential telephone numbers and / or with the use of a predictive dialer.

31. Defendant does not have, and has never had, an established business relationship with Plaintiff.

32. Plaintiff requested that Defendant provide evidence that she had given written consent for Tours Consulting to contact her.

33. Despite this demand, Defendant failed to send any evidence of this consent to Plaintiff.

34. The Defendant Tours Consulting, LLC is now defunct.

35. Upon information and belief, Tours Consulting, LLC was setup in a way that was undercapitalized and underfunded such that it makes sense to pierce the corporate veil and pass respondeat superior liability up to the owners of the former company, Lisa Ferrari, and Dandrea Harris.

### COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227(b)(3)(B)

36. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

37. On information and belief, Defendant used an automatic telephone dialing system as defined by 47 USC § 227 (a)(1) when it called Plaintiff's number assigned to a cellular telephone in the last four years.

38. On information and belief, Defendant did not have Plaintiff's prior express permission prior to contact Plaintiff at her wireless number using an automatic telephone dialing system.

39. Defendant made the call to Plaintiff willfully.

40. Defendant made the call to Plaintiff knowingly.

41. Defendant's acts in making the call to Plaintiff were not accidental.

42. Plaintiff's privacy has been invaded as a result of Defendant's acts.

43. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227(c)(5)

44. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

45. Defendant made telephone solicitation calls to Plaintiff.

46. Plaintiff informed Defendant Plaintiff is on the Do Not Call Registry.

47. Upon information and belief, the Defendants knew or reasonably should have known that the Plaintiff was on the national "Do Not Call List."

48. Defendant made these telephone solicitations despite Plaintiff's number having been registered on the national "Do Not Call List."

49. Plaintiff requested proof Plaintiff had consented to being contacted by Defendant.

50. Defendant failed to provide evidence of consent as requested by Plaintiff.

51. On information and belief, Defendant fails to properly maintain or train its personnel how to comply with the TCPA and the FCC rules and regulations.

52. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT III

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227(e)(1)

53. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

54. Defendant made telephone solicitation calls to Plaintiff.

55. Defendant knowingly used software, equipment, or another service to "spoof" or hide its real telephone number and cause an inaccurate telephone number, which appeared to be originating from a number local to the Plaintiff, to appear on Plaintiff's caller ID.

56. Defendant knowingly hid its real telephone number with the intent to defraud, cause harm, or wrongfully obtain anything of value.

57. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

COUNT IV

**VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT W.V.C. §46A-6F-501(5)**

58. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

59. Defendant engaged in deceptive conduct to create confusion and misunderstanding by disguising its telephone number as a local number, insinuating it had a prior business relationship or other contact with Plaintiff when it did not, and failing to provide Plaintiff with a working telephone number or other business contact information upon Plaintiff's request.

60. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

COUNT V

**VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT W.V.C. §46A-6F-501(8)**

61. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

62. Defendant engaged in unfair or deceptive acts or practices in contacting Plaintiff and insinuating there was an existing business relationship between them.

63. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VI

### VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT W.V.C. §46A-6F-601(2)

64. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

65. Defendant engaged Plaintiff repeatedly or continuously in an annoying, abusive, or harassing manner.

66. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VII

### VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT W.V.C. §46A-6F-601(3)

67. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

68. Defendant initiated an outbound call with Plaintiff despite Plaintiff having entered her number on the "Do Not Call" registry prior to this contact and had reasonable expectations to not be called by or on behalf of a telemarketer.

69. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VIII

8

**VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION
ACT W.V.C. §46A-6F-601(5)**

70. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

71. Defendant called Plaintiff without permission and refused to give Plaintiff proper contact information upon request.

72. Defendant's representative sent a threatening email to Plaintiff in response to Plaintiff's justified requests and demands for information and relief.

73. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.


**COUNT IX**


**VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION
ACT W.V.C. §46A-6-104**

74. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

75. Defendant knowingly and maliciously disguised the business's true telephone number and insinuated a previous business relationship with Plaintiff with intent to deceive in the conduct of trade or commerce.

76. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.


**COUNT X**

9

## VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION
## ACT W.V.C. §61-3C-14a

77. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

78. Defendant placed an unsolicited call to Plaintiff, despite Plaintiff's telephone number being on the "Do Not Call" registry, with intent to harass or abuse Plaintiff into paying for a product they had not expressed interest in purchasing.

79. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### COUNT XI

#### *INJUNCTIVE RELIEF*

80. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

**81.** Plaintiff requests that this Court grant it injunctive relief preventing Defendants, their agents, employees, representatives or their successors and assigns from taking any action contrary to or in violation of any part of the TCPA 47 U.S.C. § 227 pursuant to 47 U.S.C. § 227 (b)(3)(A).

### COUNT XII

#### *COMMON LAW NEGLIGENCE*

82. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

83. Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the TCPA as alleged in Counts I and II.

84. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

**COUNT XIII**

***COMMON LAW INVASION OF PRIVACY***

85. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

86. The Plaintiff had, and has, an expectation of privacy to be free from harassing and annoying telephone calls.

87. The acts of the Defendant in placing telephone calls to Plaintiff's personal telephone number invaded, damaged and harmed Plaintiff's right of privacy.

88. As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

89. As a result of the Defendant's action, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

**DEMAND FOR RELIEF**

Plaintiff demands from the Defendant:

a. damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the amount of at least $500 for each such act that this Court finds were not made willfully or not made knowingly;

b. damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the amount of

11

$1,500 for each such act that this Court finds were made willfully <u>or</u> were made knowingly; and

c.  damages pursuant to 47 U.S.C. § 227 (c)(5) for each and every failure to abide by the TCPA and FCC's do-not-call-list requirements in the amount of at least $500 for each such act that this Court finds were not made willfully or not made knowingly;

d.  damages pursuant to 47 U.S.C. § 227 (c)(5) for each and every failure to abide by the do-not-call-list requirements in the amount of $1,500 for each such act that this Court finds were made willfully <u>or</u> were made knowingly; and

e.  an order granting Plaintiff injunctive relief preventing Defendants, their agents, employees, representatives or their successors and assigns from taking any action contrary to or in violation of any part of the TCPA 47 U.S.C. § 227 pursuant to 47 U.S.C. § 227 (b)(3)(A)

f.  $500 per violation of the Telephone Consumer Protection Act as provided for in in 47 USCS § 227(b)(3)(B);

g.  $1,500 per violation of the Telephone Consumer Protection Act to the extent the violations were willful 47 USCS § 227(b)(3)(C);

h.  The Plaintiffs be granted general damages and punitive damages for Defendant's conduct alleged in Count V;

i.  Such other relief as the Court shall deem just and proper under the attendant circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

**DIANA MEY**
BY COUNSEL

BY:    /s/Benjamin M. Sheridan_____
        Benjamin M. Sheridan (# 11296)
        *Counsel for Plaintiff*
        Klein & Sheridan, LC
        3566 Teays Valley Road
        Hurricane, WV 25526
        (304) 562-7111
        Fax: (304) 562-7115